UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 16-CR-217 (RMC)** |
| | : | |
| ROBERT MITCHELL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. For the reasons set forth herein, defendant should be sentenced to a five-month period of incarceration, followed by a term of supervised release that includes a five-month period of home detention.

### Summary

The government respectfully submits that the factors set forth at 18 U.S.C. § 3553(a) support a sentence of five months of incarceration followed by a term of supervised release that includes a five-month period of home detention, a sentence which is the bottom of the Estimated Guidelines Range set forth in the parties' plea agreement. This would be a fair sentence that would reflect the seriousness of defendant's offense, as well as the need for general deterrence. Moreover, this sentence would ensure that similarly situated defendants are treated similarly.

I.  **Factual Background**

During the plea proceedings, defendant agreed with the Statement of Offense submitted to the Court by the government, which has been incorporated into the Presentence Investigation

Report ("PSR"). (See PSR ¶¶ 23-31.) In summary, defendant is the owner of Global Metals Recovery which had a contract with the D.C. Water and Sewer Authority ("WASA") under which defendant picked up and disposed of scrap metal, primarily brass water meters, from WASA. Beginning on or about March 22, 2012, (the first pick-up under the contract), and continuing until on or about June 17, 2015, defendant executed a scheme to defraud WASA by (a) on some occasions, under-reporting to WASA the weight of the scrap brass water meters that he actually hauled and paying WASA less than the amount owed to WASA under the contract; and (b) on some occasions, failing to report to WASA any weight at all for scrap brass water meters that he actually hauled and paying WASA nothing for that scrap brass. Defendant hauled a total of approximately 137,864 pounds of scrap brass water meters and was paid a total of $192,560.83. However, defendant only paid or remitted to WASA a total of $60,430.75. The actual loss suffered by WASA due to this offense was no more than the actual scrap/resale value of the brass water meters ($192,560.83) less the amounts actually paid by defendant to WASA ($60,430.75) and the hauling costs paid by defendant (an estimated $14,535). That is, the actual loss was no more than $117,595.08.

## II. Defendant's Plea

On December 1, 2016, the government filed a one-count Information charging defendant with Interstate Transport of Stolen Property, in violation of 18 U.S.C. § 2314. On February 24, 2017, defendant pled guilty to the Information. Sentencing is now set before the Court on May 31, 2017, at 10:00 a.m.

As set forth in the written plea agreement, defendant and the government agreed that the defendant's base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is 6, pursuant to U.S.S.G. § 2B1.1(a)(2). (PSR ¶ 10.) Defendant and the government also agreed to an addition of 8 levels for "Loss greater than $95,000," pursuant to U.S.S.G. § 2B1.1(b)(1)(E). (Id.) Pursuant to the plea agreement, defendant is entitled to a two-level decrease in the offense level based upon his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). (PSR ¶¶ 10, 43.) The parties agreed that neither the government nor defendant may seek an upward or downward departure from the applicable Guideline range. (PSR ¶ 13.) Furthermore, the parties agreed that defendant may seek a sentence below the estimated guideline range pursuant to 18 U.S.C. § 3553(a). (PSR ¶ 13.)

## III. Defendant's Total Offense Level is 12.

The PSR has correctly calculated defendant's offense level at 14. (PSR ¶ 41.) This includes the base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2) and an addition of 8 levels for loss of over $95,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(E). (PSR ¶¶ 36-37.) The PSR has also correctly calculated defendant's adjusted offense level at 12. (PSR ¶ 44.) This includes a two-level decrease in the offense level for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). (PSR ¶¶ 43.)

## IV. Defendant Should Be Sentenced to a Five-Month Period of Incarceration.

The government respectfully submits that the factors set forth at 18 U.S.C. § 3553(a) support a sentence that includes a five-month period of incarceration followed by a term of supervised release that includes a five-month period of home detention, a sentence which is the

bottom of the Estimated Guidelines Range, as calculated and set forth in the PSR and the parties' plea agreement.[1]

### A. Nature of the Offense

The defendant committed a very serious criminal offense. His actions were a part of a scheme that deprived WASA of valuable and deserved revenue. Instead, thousands of dollars were diverted away from WASA into the hands of Robert Mitchell.

Of particular note is that this case involves a scheme that lasted several years. Mitchell's actions were not the result of a single indiscretion, or a short-term lapse in judgement. Rather, they were the product of a prolonged and deliberate plan that would have been executed continuously until and unless the authorities intervened.

### B. History and Characteristics of Defendant

Defendant's history and characteristics suggest that the recommended sentence is

---

[1] As this Court is aware, the district court needs to consider the goals of Section 3553 in determining the appropriate sentence, however, the court is not required to specifically refer to each factor listed in § 3553(a). See United States v. Ayers, 428 F.3d 312, 315 (D.C. Cir. 2005). Section 3553(c) provides that the court at the time of sentencing shall state in open court the reasons for its imposition of a particular sentence. Section 3553(a) specifically sets out the factors to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the . . . offense . . . as set forth in the guidelines . . . (5) any pertinent policy statement issued by the Sentencing Commission . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

appropriate.  Defendant is 42 years old and has no criminal record.  (PSR ¶¶ 45-47.)  Defendant appears to be in good physical health.  (PSR ¶¶ 57-59.)  Defendant appears to have a close relationship with his girlfriend and two young daughters.  (PSR ¶¶ 52-53.)  Defendant completed fourth grade, before leaving school to assist his father with restoration of vehicles.  (PSR ¶¶ 65-66.)  He is currently self-employed performing automobile restoration services.  (PSR ¶ 68.) Defendant admitted his guilt early and accepted responsibility in this case.

#### C.  The Need for the Sentence to Reflect the Seriousness of the Offense

A sentence at the bottom of the applicable Sentencing Guidelines range, followed by a term of supervised release, is a just punishment for the defendant.  The government has requested a sentence at the bottom of the guideline range in part because the defendant has plead guilty and saved the government and the court the resources necessary to go to trial.  Moreover, he does not have a criminal history.  We have, however recommended incarceration in part because of the serious nature of the offense, the need to promote respect for the law, and to protect the public from further illegal business conduct by the defendant.

#### D.  The Need for the Sentence to Afford Adequate Deterrence

Given defendant's admission of guilt, it is unlikely that he will commit additional crimes in the future, and the recommended sentence should serve as a general deterrent. A fair and measured sentence comprised of a period of incarceration and a term of home detention will reinforce to these would-be defendants that the Court and the criminal justice system view such conduct as serious and harmful to the community, and that such actions will not be tolerated.

E. The Need to Avoid Unwarranted Sentence Disparities

"[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." Gall v. United States, 552 U.S. 38, 54 (2007); see also United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Avoiding sentencing disparity on the basis of easily quantifiable values like amount of loss is a factor that the Guidelines are uniquely well-suited to accomplish."). "[I]mposing a within-guidelines sentence is the surest way to avoid unwarranted disparities." United States v. White, 737 F.3d 1121, 1145 (7th Cir. 2013). The sentence requested by the government is within the guidelines.

## V. **Restitution and Forfeiture**

As set forth in the written plea agreement, defendant agreed to pay restitution in the amount of $117,595.08 to WASA. (PSR ¶ 19.) Accordingly, the Court should order restitution in this amount.

As part of the plea agreement, the defendant consented to an order of forfeiture in the form of a money judgment of $117,595.08. (PSR ¶ 17.) Therefore, the United States respectfully requests that the Court impose a money judgment in the amount of $117,595.08.

**Conclusion**

WHEREFORE, the government respectfully requests that this Court impose a sentence that includes a five-month period of incarceration, followed by a term of supervised release that includes a five-month period of home detention, order defendant to pay full restitution to WASA, and impose a forfeiture money judgment.

Respectfully submitted,

CHANNING PHILLIPS
United States Attorney
DC Bar No. 415793

KENDRA BRIGGS, D.C. Bar No. 978769
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W., 5th Floor
Washington, DC 20530
(202) 252-7524
kendra.briggs@usdoj.gov